**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **SOHO LOGISTIC INC.**, <br> 14736 Nelson Avenue <br> City of Industry, CA 91744 <br> <br>     Plaintiff, <br> <br> v. <br> <br> **INXEPTION CORPORATION**, <br> 101 South Fifth Street, Floor 29 <br> Louisville, KY 40202 <br> <br>     **ALSO SERVE**: <br>     C T Corporation System <br>     306 W Main St., Suite 512 <br>     Frankfurt, KY 40601 <br> <br>     Defendant. | Case No.   3:24-CV-6-RGJ |

## COMPLAINT

Soho Logistic, Inc. ("SOHO"), by and through counsel, files its Complaint against Inxeption Corporation ("Defendant"), and alleges as follows:

## SUMMARY

1. This is action concerns the breach of contract Defendant committed in connection with its failure to pay invoices totaling $251,400.00 due and owing to SOHO.

2. Although SOHO fully complied with the terms and conditions of the parties' agreement, Defendant failed to do so. Therefore, SOHO has filed this action to enforce its contractual and other rights and to recover damages for the injuries suffered as a result of Defendant's breaches of those rights.

## PARTIES

3. SOHO is, and at all times relevant to this action was, a company duly organized and operating under the laws of California with its principal place of business located at 14736 Nelson Avenue, City of Industry, Los Angeles County, California 91744.

4. SOHO is informed and believes, and thereon alleges, that Defendant is, and at all times relevant to this action was, a foreign Kentucky corporation with its principal place of business located at 101 South Fifth Street, Floor 29, Louisville, KY 40202.

## JURISDICTION AND VENUE

5. This Court has proper jurisdiction over the subject matter of this action, because this is a civil action under 28 U.S.C. § 1332(a)(2), because the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is subject to personal jurisdiction in this judicial district and resides in this district.

## FACTS

7. On or about October 28, 2022, SOHO entered into an agreement with Defendant whereby SOHO was to provide certain warehousing and storage services to Defendant in exchange for monthly fees. A true and correct copy of the agreement entered into between the parties, along with the incorporated terms and conditions, is attached hereto as **Exhibit A**.

8. SOHO stored goods and would invoice Defendant for those storage fees on a monthly basis, which were to be paid on net 30 terms.

9. Pursuant to the terms of the agreements of the parties, Defendant was required to pay all invoices for storage service on net 30 payment terms. Defendant has failed to pay invoice nos. 12542, 12543, 12544, 12546, 12547, 12551, 12576, 12577, 12578, 12579, 12586, 12587, 12588, and 12592. True and correct copies of the aforementioned invoices are attached hereto as

**Exhibit B**.  A true and correct copy of an open balance report is also attached hereto as **Exhibit C.**

10. Defendant has failed to pay invoices totaling $251,400.00 for storage services performed by SOHO for the benefit of Defendant.

11. SOHO has performed all of the terms and conditions it was obligated to perform under the above-mentioned agreements, except for such terms and conditions that have been excused by the conduct and breaches of Defendant, if any.

12. Despite demands from SOHO for payment, Defendant has breached the above-referenced agreements by failing to pay the sum of $251,400.00.

13. To date, the outstanding balance owing by Defendants to SOHO is $251,400.00, and SOHO now seeks to recover this amount in damages, plus interest and costs of this cause.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

14. SOHO re-alleges and incorporates by reference the allegations of paragraphs 1 through 13 of the Complaint as if full set forth herein.

15. A valid and enforceable contract, the terms of which are alleged above, existed between SOHO and Defendant.

16. SOHO fully performed all of its material obligations under the parties' contract, except insofar as its performance has been excused by reason of the acts and conduct of Defendant, if any.

17. Defendant, through the conduct alleged above, failed to perform its obligations under the parties' agreement.

18. As a direct, proximate, and foreseeable consequence of the above-referenced breaches by Defendant, SOHO has been damaged, and continues to be damaged, in the principal amount of $251,400.00, together with interest at the legal rate from the date(s) of breach through date of judgment in an amount to be proven of trial at trial and the costs of this cause.

## SECOND CAUSE OF ACTION
## ACCOUNT STATED

19.     SOHO re-alleges and incorporates by reference the allegations of Paragraphs 1 through 18 of the Complaint as if full set forth herein.

20.     Beginning in September 2018, Defendant became indebted to SOHO for services rendered to SOHO totaling $251,400.00.

21.     By its words and/or conduct, Defendant agreed that the amounts stated in the account was the correct amount owing to SOHO and promised to pay the stated amount of $251,400.00 to SOHO.

26.     From October 2022 to the present date, SOHO has made numerous demands for payment, none of which Defendant has complied.  Despite demands by SOHO for payment and Defendant's failure to make any objection to the amounts owed prior to SOHO's demands, Defendant has failed and refused and continues to fail and refuse to pay the open balance amount of $251,400.00 set forth on **Exhibit B**.  As such, the amount of $251,400.00 is still unpaid and owing by Defendant, together with interest in an amount to be proven at trial and the costs of this cause.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

27.     SOHO re-alleges and incorporates by referenced the allegations of Paragraphs 1-26 of the Complaint as if fully set forth herein.

28.     SOHO conferred a benefit on Defendant by providing storage services at SOHO's expense.

29.     Defendant appreciated the benefit of the storage services provided by SOHO so that it would be inequitable for Defendant to retain the benefit without payment of their value.

30.     Defendant is liable for unjust enrichment.

31. As a result of Defendant's unjust enrichment, SOHO has been damaged, and continues to be damaged, in an amount of $251,400.00, together with interest in an amount to be proven at trial and the costs of this cause.

## **PRAYER FOR RELIEF**

WHEREFORE, premises, SOHO prays for judgment in its favor and against Defendant as follows:

1. For compensatory damages in the amount of $251.400.00.
2. For consequential damages;
3. For pre- and post-judgment interest to the extend permitted by law; and
4. For costs of this cause; and
5. For such other and further relief as the Court deems proper.

DATED: January 3, 2024

Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Courtney Lutz Creal*
Courtney Lutz (Creal), TN BPR No. 034330
KY BPR No. 97037
511 Union Street
Suite 1000
Nashville, Tennessee 37219
(615) 238-6393 (Telephone)
ccreal@spencerfane.com

*Attorneys for Plaintiff SOHO Logistic, Inc.*